UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10-CV-111-H

WAYSIDE CHRISTIAN MISSION                                    PLAINTIFF

V.

UNITED STATES OF AMERICA                                     DEFENDANT


**MEMORANDUM OPINION AND ORDER**

Plaintiff, Wayside Christian Mission ("Wayside"), brought this action against the United States to assert its priority interest in certain funds in the brokerage account of Barbara Burgess-Van, f/k/a Barbara Burgess-Soltz ("Burgess"), which the Internal Revenue Service has seized. The circumstances under which Wayside now seeks to assert this priority interest are quite complicated. Some of these circumstances form the basis for the United States' motion to dismiss Wayside's claim on limitations grounds. For the reasons that follow, the Court will sustain the motion.

I

At the end of 2005, Gus Goldsmith ("Goldsmith") loaned approximately $4.4 million to Heart of Louisville, a charitable organization. Burgess personally guaranteed payment and performance of the note, and, as security for the note, gave Goldsmith first priority interest in her brokerage account at Ferris Baker Watts, Inc (the "Account"). On December 13, 2005, Burgess executed a Securities Account Pledge, Security Agreement, and an Account Control Agreement, which perfected Goldsmith's interest in the Account. In September of 2006, the parties amended that Agreement.

At some point, the IRS determined that Burgess owed back taxes and recorded liens securing its interest. On August 7, 2008 and September 17, 2008, the IRS seized a total of $83,901.87 from the Account based on these liens. Shortly after the second seizure of funds, Burgess signed a letter agreement releasing funds in the Account to Goldsmith. On October 6, 2008, the promissory note from Heart of Louisville to Goldsmith came into default.

In March, 2009, Goldsmith obtained a default judgment against Burgess based upon her guarantee. On April 10, 2009, Goldsmith filed Administrative Wrongful Levy Claims seeking return of the funds that the IRS had seized from the Account.[1] On June 22, 2009, as part of a larger transaction, Goldsmith conveyed to Wayside all of his rights to the funds in the Account. To accomplish this, Wayside and Goldsmith executed an Assignment of Notes, Mortgages, Assignment of Rents and UCC Financing Statement in favor of Wayside. On September 25, 2009, Goldsmith withdrew his Administrative Wrongful Levy Claims. A month later, Goldsmith assigned these same claims to Wayside.

On December 22, 2009, Wayside filed its own Administrative Wrongful Levy Claim and on February 22, 2010, filed this action against the IRS. The IRS has moved to dismiss the claims based on the statute of limitations under 26 U.S.C. §6532 (c)(1) and the Anti-Assignment Act, 31 U.S.C. § 3727(2003). Perhaps sensing a problem, Wayside and Goldsmith executed an Amendment to Assignment of Administrative Wrongful Levy Claims to re-invest ownership of these claims in Goldsmith, and Wayside moved to substitute Goldsmith as Plaintiff. In reply, the

---

[1]Goldsmith claims the liens were invalid under 26 U.S.C. § 6323 (b)(1)(B). This section states a lien is invalid "as against a holder of a security interest in such security who, at the time such interest came into existence, did not have actual notice or knowledge of the existence of such lien." 26 U.S.C. § 6323 (b)(1)(B) (2002). When Goldsmith's interest in the Account was perfected, he claims to have had "no actual notice or knowledge" of either tax lien.

IRS argues that the re-assignment is invalid and that Wayside was the party in interest to the original action and motion to dismiss.

## II

The procedural history and facts of this case raise complicated issues under the Anti-Assignment Act. While the application of the Anti-Assignment Act may be dispositive in favor of the United States, the statute of limitations provides a clearer analysis which is also dispositive.

The statute of limitations is provided in 26 U.S.C. §6532(c). It provides that an individual, other than the delinquent taxpayer, has nine months from the date of levy to file a claim for return of property. 26 U.S.C. §6532(c)(1). Given that the second levy occurred on September 17, 2008, Goldsmith was within the statute of limitations when he filed the Administrative Wrongful Levy Claims on April 10, 2009. In fact, Goldsmith filed with just over two months left in the statute of limitations. By filing these claims, Goldsmith extended the statute of limitations to twelve months from the date of filing under 26 U.S.C. §6532(c)(2).[2]

Though there is some confusion among the parties, the United States has stated that Goldsmith withdrew his Administrative Wrongful Levy Claim on September 25, 2009. Wayside has filed nothing to suggest otherwise, and so the Court must assume that this is so. These circumstances raise the question whether the statutory limitations period was tolled during the pendency of Goldsmith's administrative claim or otherwise extended. No cases instruct this Court regarding the effect of withdrawal of an administrative claim in these circumstances.

---

[2]Under 26 U.S.C. §6532(c)(2), "a request . . . for the return of property" extends the statute of limitations to the shorter of twelve months after the request is filed or six months from the mailing of a disallowance of the claim. Because the IRS never reached a decision on the administrative claim, the applicable statute of limitations would be twelve months.

The Court concludes that Goldsmith's withdrawal of a claim effectively functions to eliminate the claim. Withdrawal of an administrative claim is similar to a plaintiff seeking dismissal under Federal Rule of Civil Procedure 41 (a). A claim dismissed under that rule does not toll the statute of limitations. *See Rice v. Jefferson Pilot Fin. Ins. Co.,* 578 F.3d 450, 457 (6th Cir. 2009) (stating "[w]e have consistently held, however, that a dismissal of a suit without prejudice usually does not toll the statute of limitations") and *Davis v. Smith's Transfer, Inc.,* 841 F.2d 139, 140 (6th Cir. 1988) (per curiam) (stating "[a] suit, so dismissed, does not toll nor effect in any way the continuous running of the applicable statutory time period."). Consequently, the time to file a claim or action would have expired on June 17, 2009. Even if the statute of limitations was tolled while Goldsmith's administrative claim was pending, the nine month period would have expired at the end of November 2009. Neither this action nor Wayside's administrative claim was filed before the statute of limitations had tolled.

To decide otherwise would allow a plaintiff to accumulate more time to pursue their interests while depriving the United States of the ability to investigate the claim. *See Arigo v. United States,* 980 F.2d 1159, 1161 (8th Cir. 1992) (determining that plaintiff's withdrawal of his administrative claim triggered a shorter statute of limitations period because "[t]o hold otherwise would effectively give Arigo unilateral power to toll § 2401(b)'s six-month limitations period" while, at the same time, denying the agency the ability to consider the claim); *see also Sylvester v. Unisys Corp.,* 1999 WL 167725, *5 (E.D.Pa. 1999) ( adopting rationale that a "statute of limitations is not tolled during the pendency of the administrative proceeding because a contrary result would allow a claimant to 'buy more time' than the statute of limitations provides") (quoting *Weiss v. Int'l Bhd. of Elec. Workers*, 729 F.Supp. 144, 146 (D.D.C. 1990) (citing

*Anderson v. U.S. Safe Deposit Co.*, 552 A.2d 859, 863 (D.C. 1989)).

III

Wayside has moved to substitute Goldsmith as the plaintiff in order to avoid dismissal due to concerns under the Anti-assignment Act. Even if this Court were to grant Wayside's motion and substitute Goldsmith, this action would still be time barred as discussed above. Furthermore, the statute of limitations provided in 26 U.S.C §6532(c) is jurisdictional. *See Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 324 (6th Cir. 1990) (stating "[a]s with *most* periods of limitations involving suits against the sovereign, the prerequisites to suit described in section 6532's 'general rule' are jurisdictional.") (emphasis in original). Because this action is time-barred, this Court lacks subject matter jurisdiction to consider this motion.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion to dismiss is SUSTAINED and Plaintiff's motion to substitute a party is DENIED.

This is a final order.

cc: Counsel of Record